IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN TROSPER, ET AL. | § | |
| | § | |
| v. | § | CIVIL ACTION NO.4:09-CV-472-Y |
| | § | |
| METAL MULISHA, LLC | § | |

ORDER DENYING MOTIONS TO DISMISS FOR
LACK OF SUBJECT-MATTER JURISDICTION AND TO DISMISS FOR
LACK OF PERSONAL JURISDICTION AND GRANTING MOTION TO TRANSFER VENUE

Pending before the Court is the Motion to Dismiss for Lack of Personal Jurisdiction and for Lack of Subject Matter Jurisdiction, or Alternatively, to Transfer for Convenience (doc. #6) filed by defendant Metal Mulisha, LLC ("Metal Mulisha").  After review, the Court concludes that this case presents a justiciable controversy, that Metal Mulisha has sufficient contacts with the State of Texas and that this case arises out of those contacts for this Court's exercise of personal jurisdiction.  But Metal Mulisha has shown that the United States District Court for the Central District of California is a more convenient venue for this litigation and that this Court is an improper venue.  As a result, Metal Mulisha's motion will be denied on the subject-matter and personal-jurisdiction points, but granted as to its request for transfer.

I.  Background

Metal Mulisha owns the rights to the mark "Metal Mulisha" for use on clothing and other merchandise and for display during motorcycle exhibitions and demonstrations.  Metal Mulisha has registered its mark

as a trademark in connection with its use on clothing and as a service mark in connection with its use during motorcycle events, and has an application pending to register the mark for use on other merchandise.

In May 2008, plaintiff Jason Trosper filed an application with the United States Patent and Trademark Office ("PTO") to register the marks "Cowboy Militia" and "Cowgirl Militia" for use on gloves, hats, belts, and clothing.   Plaintiff Cowboy Militia, LLC ("Cowboy Militia"), uses these marks under license.  Metal Mulisha filed an opposition to Trosper's application before the PTO's Trademark Trial and Appeal Board ("TTAB"), based on its ownership of the "Metal Mulisha" mark.  Metal Mulisha alleged that the "Cowboy Militia" and "Cowgirl Militia" marks are confusingly similar to the "Metal Mulisha" mark.  According to Metal Mulisha, if Trosper continued to use his marks, there would likely be confusion and mistake between those marks and the "Metal Mulisha" mark, consumers would be deceived as to the designation and origin of goods using Trosper's marks, Metal Mulisha's use of its mark would be interfered with, and the "Metal Mulisha" mark would be damaged and diluted.  Based on these facts, Trosper and Cowboy Militia filed this declaratory-judgment action seeking a declaration that their use of the "Cowboy Militia" and "Cowgirl Militia" marks do not constitute infringement, dilution, unfair competition, a violation of the United States Trademark Act, or any rights Metal Mulisha may have at common law with regard to the "Metal Mulisha" mark.

II.  Analysis

   A.  Subject-Matter Jurisdiction

   Generally, a court must first address the existence of subject-matter jurisdiction before addressing any other matters.  *See Ruhgras Ag. v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999).  This is a declaratory-judgment action.  As such, subject-matter jurisdiction in this case is predicated on the existence of an actual controversy between the parties.  *See Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009).  "The plaintiff has the burden of proving subject matter jurisdiction by a preponderance of the evidence."  *Id.*

   To assess whether a declaratory-judgment action presents a justiciable controversy, this Court must assess "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *Vantage Trailers, Inc.*, 567 F.3d at 748. "[O]pposition proceedings before the [PTO] do not constitute a claim of infringement and therefore d[o] not present an actual controversy as required by the Declaratory Judgment Act."  *Red Lobster Inns, Inc. v. New England Oyster House, Inc.*, 524 F.2d 968, 969 (5th Cir. 1975). Metal Mulisha argues that Plaintiffs' claims are based on the opposition proceedings and related communications and, therefore, do

3

not present a justiciable controversy.

Plaintiffs argue that, because Metal Mulisha's notice of opposition alleged that Plaintiffs' use of the "Cowboy Militia" and "Cowgirl Militia" marks would likely cause confusion, mistake, and deception vis-a-vis the "Metal Mulisha" mark, would wrongly suggest Plaintiffs' products originate with Metal Mulisha or are connected with Metal Mulisha, and would dilute and damage the "Metal Mulisha" mark, an actual controversy between the parties exists. Metal Mulisha explains these as allegations necessary to an opposition. *See* 5-26 Gilson on Trademarks § 26.05 (discussing the allegations to be included in an opposition) (citing 15 U.S.C. §§ 1052, 1063). But according to Plaintiffs, Metal Mulisha's attorney went beyond this and claimed that Plaintiffs' marks infringe the "Metal Mulisha" mark and threatened litigation.

Specifically, Plaintiffs contend that during negotiations to settle the opposition, Metal Mulisha's attorney insisted that Plaintiffs cease and desist their use of the "Cowboy Militia" and "Cowgirl Militia" marks, which he claimed infringed the "Metal Mulisha" mark. Metal Mulisha's attorney also requested that Plaintiffs pay his attorneys' fees and stated, in exchange, Metal Mulisha would release any claims for infringement it had. Further, he stated that he would pursue litigation on behalf of Metal Mulisha if Plaintiffs refused these demands.

Metal Mulisha insists that these statements by its counsel do not

4

give rise to an actual controversy.  Indeed, the law is that remarks made during an opposition proceeding and, generally, correspondence connected to it, cannot be the basis for a declaratory-judgment action.  *See Kosmeo Cosmetics v. Lancome Parfums et Beaute & Cie*, No. 4:96cv70, 1996 U.S. Dist. LEXIS 21770, at *6, *8-*9 (E.D. Tex. Nov. 14, 1996) (citing *Performance Indus., Inc. v. Morton Int'l, Inc.*, 22 U.S.P.Q. 1632 (E.D. Pa. 1992) and discussing *Chesebrough-Pond's, Inc. v. Faberge, Inc.*, 666 F.2d 393 (9th Cir. 1982)).  But an "opposition proceeding before the [PTO] is of an administrative nature" and is not meant to "redress past infringements or prevent future infringements." *Merrick v. Sharp & Dohme, Inc.*, 185 F.2d 713, 717 (7th Cir. 1950); Trademark Trial and Appeal Board Manual of Procedure § 102.01 (defining jurisdiction of the board).  Thus, Metal Mulisha's statements in its correspondence with counsel for Plaintiffs went beyond the allegations necessary to support its opposition in threatening litigation.  Such a threat, even when made in communications related to an opposition proceeding, may be considered in determining whether there exists a sufficient controversy regarding infringement to support a declaratory judgment action.  *Cf. Chesebrough-Pond's, Inc.*, 666 F.2d at 396-97 (concluding a letter declaring intent to file opposition proceedings that stated a prima-facie case of infringement supported conclusion that a justiciable controversy existed); *also cf. Kosmeo Cosmetics*, 1996 U.S. Dist. LEXIS 21770, at *8-*9 (distinguishing *Chesebrough-Pond's, Inc.* from *Red*

5

*Lobster Inns, Inc*.).

Metal Mulisha further argues that its attorney's statements are insufficient to create an actual controversy because they are speculative and the threat of litigation was made contingent on the outcome of the TTAB proceeding. Plaintiffs' counsel recounts that Metal Mulisha's attorney stated that "when his client won before the TTAB, it would seek relief against the alleged infringement in court." (Resp. App. at 2.) This is hardly as speculative or contingent on the TTAB proceedings as Metal Mulisha would have the Court believe. In any event, an email sent by Metal Mulisha to Plaintiffs' counsel, which discusses release of Metal Mulisha's infringement claims, does not include any qualifications. (Resp. App. at 90.)

More generally, Plaintiffs' evidence supports the conclusion that Metal Mulisha's approach has been to address its claim that Plaintiffs' marks infringe the "Metal Mulisha" mark and to threaten litigation based on such infringement and its opposition to Plaintiffs' application to register its marks as one matter. An unfulfilled threat of litigation, such as that made by Metal Mulisha, "is precisely the type of bullying . . . that the Declaratory Judgment Act sought to prevent." *Vantage Trailers, Inc.*, 567 F.3d at 751. And although "threats of legal action, alone, cannot create an actual controversy," *see id.*, that is not all the Court is presented with. Plaintiffs explain that they have been using the "Cowboy Militia" and "Cowgirl Militia" marks since 2004 and continue to do so. Thus, they

are currently engaged in "activity which could constitute infringement." *Id.* at 748. Metal Mulisha's attorney has confirmed, through his communications with Plaintiffs' counsel, that it is, in fact, Metal Mulisha's position that Plaintiffs' marks infringe the "Metal Mulisha" mark. Consequently, Metal Mulisha's attorney demanded that Plaintiffs cease and desist use of their marks and that Plaintiffs pay Metal Mulisha's attorneys' fees--demands typical of infringement litigation, not an opposition proceeding. *See Mary Kay, Inc. v. Weber*, 601 F. Supp. 2d 839, 860 (N.D. Tex. 2009) (discussing use of cease-and-desist letter); *also compare* 15 U.S.C. § 1117(a) (authorizing award of attorneys' fees in exceptional cases) *with* Trademark Trial and Appeal Board Manual of Procedure § 502.05 (stating that the TTAB will not award attorneys' fees).

Metal Mulisha maintains that a suit in the United States District Court for the Southern District of California reflects that the actual controversy is between Plaintiffs and MM Compound, Inc. ("MM Compound"), a California company and licensee of the "Metal Mulisha" mark. But in the Fifth Circuit, a licensee lacks standing to bring a claim of trademark infringement under 15 U.S.C. § 1114. *See ICEE Distributors, Inc. v. J & J Snack Foods Corp.*, 325 F.3d 586, 598-99 (5th Cir. 2003) (concluding party that was merely an exclusive licensee lacked standing to bring claim under section 1125(c)); *see also Multimin USA, Inc. v. Walco Int'l, Inc.*, NO. 4:06-CV-260-A, 2007 U.S. Dist. LEXIS 41801, at *9-*14 (N.D. Tex. June 8, 2007) (applying

*ICEE Distributors, Inc.*, to a claim under section 1114).   Thus, Plaintiffs properly sued Metal Mulisha in seeking declaratory relief from such a claim.

In summary, Plaintiffs are currently making use of the "Cowboy Militia" and "Cowgirl Militia" marks.  Metal Mulisha has made it known that it believes these marks infringe the "Metal Mulisha" mark and that it intends to litigate that infringement.   And despite Metal Mulisha's protestations that, at best, its statements of intent were speculative or contingent upon the TTAB proceedings, its apparent cooperation with MM Compound in its pursuit of infringement claims against Plaintiffs further supports the conclusion that, as of the time this suit was filed, there was an actual controversy between the parties.  Thus, Metal Mulisha's motion to dismiss for lack of subject-matter jurisdiction will be denied.

B.  Personal Jurisdiction

"When a federal question case is based upon a federal statute that is silent as to service of process . . . [Federal Rule of Civil Procedure] 4(e) requires that the state's standard of amenability to jurisdiction apply." *Point Landing, Inc. v. Omni Capital Int'l, Ltd.*, 795 F.2d 415, 419 (5th Cir. 1986).  The parties have pointed to no special provisions within the Lanham Act or other relevant law regarding service of process.  Thus, the Court will look to the Texas long-arm statute, which has been interpreted to extend to the limits

of due process. *Mink v. AAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999). Accordingly, the Court must determine whether exercising jurisdiction over Metal Mulisha would be consistent with the Due Process Clause of the Fourteenth Amendment. *Id.* at 335-36.

The due-process analysis involves two inquiries. First, a court must determine whether the "defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state." *Id.* Second, a court must evaluate whether the exercise of jurisdiction over the defendant would offend traditional notions of fair play and substantial justice. *Id.*

With regard to forum contacts, Plaintiffs point out that the "Metal Mulisha" mark has been used at four motocross events in Texas, where it was displayed on the riders' clothing, on the ramps used by the riders, and on merchandise sold at the event. The "Metal Mulisha" mark also appears on merchandise sold at various retailers in Texas. An internet site markets products using the "Metal Mulisha" mark, discusses motocross events at which the mark is used, and display photographs of the events, including those held in Texas. Metal Mulisha responds that it had not engaged in any activity in the State of Texas for the two years prior to Trosper's trademark application. Instead, in the two years preceding Trosper's application, and the time during which this case has been pending, it was MM Compound that used the "Metal Mulisha" mark in Texas. Metal Mulisha further explains that MM Compound maintains the website.

Plaintiffs argue that Metal Mulisha and MM Compound are related entities and that MM Compound's contacts with the State of Texas should be attributed to Metal Mulisha. Metal Mulisha counters that the two are separate entities and that it has avoided contact with Texas. An entity may shield itself from being haled into the courts of a particular forum by purposefully structuring its activities to avoid contact with that forum. *See Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 375 (5th Cir. 1987). And although Plaintiffs have provided evidence suggesting that Metal Mulisha might not be a passive licensor and that MM Compound might not be a wholly independent licencee, they have not shown that the two are so closely related as to make MM Compound's contacts with the State of Texas attributable to Metal Mulisha.

Plaintiffs point out that in a suit filed by Metal Mulisha in the United States District Court for the Central District of California, Metal Mulisha alleges that "MM Compound, LLC" is Metal Mulisha's manager and that it markets, licenses, and distributes trademarked products on its behalf. (Resp. App. at 14.) "[F]actual assertions in pleadings and pretrial orders are considered to be judicial admissions conclusively binding on the party who made them." *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983). "But judicial admissions are not conclusive and binding in a separate case from the one in which the admissions were made." *Universal Am. Barge Corp. v. J-Chem, Inc.*, 946 F.2d 1131, 1143 (5th Cir. 1991).

10

Moreover, even if the Court were to consider the factual allegations from the case before the Central District of California, they fall short of establishing the necessary agency relationship. Plaintiffs highlight the use of the "Metal Mulisha" mark at four motocross events, the advertising and sale of merchandise using the mark, and an internet site as contacts with Texas and this district that, based on the pleadings from the Central District of California, should be attributed to Metal Mulisha. Metal Mulisha explains the "Metal Mulisha" mark was used in these ways by Metal Mulisha, Inc. Pleadings from a case filed in the United States District Court for the Southern District of California, also submitted by Plaintiffs, support the conclusion that "Metal Mulisha, Inc." exists. The case in the Central District of California was filed by Metal Mulisha, LLC. Plaintiffs do not explain this discrepancy.

And although an agent's contacts with a forum, made within the scope of the agency, may be attributed to the principal, *see Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 870-72 (5th Cir. 2000), the law does not presume the existence of an agency relationship. *Walker Ins. Services v. Bottle Rock Power*, 108 S.W.3d 538, 549 (Tex. App.--Houston [14th Dist.] 2003, no pet.). Rather, an agency relationship is created by the agent's consent to be subject to the control of the principal and the principal's consent to have the agent act on its behalf with regard to an assigned task. *See id.* Plaintiffs' evidence that MM Compound, LLC, acted as Metal Mulisha's

manager for distribution and licensing purposes suggests an agency relationship, but the scope of that relationship, and whether it included use of the "Metal Mulisha" mark has not been shown. *Cf. Stripling*, 234 F.3d at 870-71 (attributing contacts of one party to another based on agency relationship where the purported principal agreed to have the purported agent act on its behalf in entering the contract that was the subject of the litigation).

But MM Compound's contacts with Texas and the issue of whether they can be attributed to Metal Mulisha aside, Metal Mulisha acknowledges that, as few as two years before this suit was filed, it advertised, sold merchandise, and provided services in Texas using the "Metal Mulisha" mark. Plaintiffs have been using the "Cowboy Militia" and "Cowgirl Militia" marks in Texas since 2004. Hence, the parties were simultaneously using the marks at issue in Texas for part of 2004, all of 2005, and part of 2006. A claim based on infringement during this period could still be maintained. *See Mary Kay, Inc. v. Weber*, 601 F. Supp. 2d 839, 859 (N.D. Tex. 2009) (The Lanham Act does not contain a statute of limitations so federal courts look to analogous state law in applying the equitable doctrine of laches); *see also Derrick Mfg. Corp. v. Sw. Wire Cloth, Inc.*, 934 F. Supp. 796, 804-05 (S.D. Tex. 1996) (referring to four-year statute of limitations in evaluating timeliness of infringement claim).

The Court has personal jurisdiction over Metal Mulisha in this declaratory-judgment action, at least to the extent jurisdiction is

based on potential infringement claims arising out of this simultaneous use. "Specific jurisdiction exists when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action." *Mink v. AAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999). As one court has explained, "[t]rademark rights stem from trademark use in various geographic areas as well as the rights granted by valid trademark registrations. [T]rademark dilution requires proof that the mark is 'famous,' something determined by the public's recognition of the mark in the relevant geographic area." *Fossil, Inc. v. Knicks Mend-Rite*, No. Civ.A.3:97-CV-1220-P, 1998 WL 158674, (N.D. Tex. March 25, 1998) (citing 15 U.S.C. §1125(c)(1) and *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 291 (3rd Cir. 1991)); *see also Am. Foods, Inc. v. Golden Flake, Inc.*, 312 F.2d 619, 625 (5th Cir. 1963) (noting that trademark protection is limited to territorial areas in which the mark has been used).

This declaratory-judgment action is based on Metal Mulisha's threat to sue Plaintiffs for trademark infringement. Although some of the specific contacts discussed by Plaintiffs, such as four motocross events and the internet site publicizing such events and selling merchandise cannot be attributed to Metal Mulisha, its admitted advertising and merchandising activities could support its threatened infringement action. As explained in *Fossil* and *American*

*Foods, Inc.*, Metal Mulisha's rights were created, in part[1], by the use of its mark in Texas, and any infringement upon or dilution of those rights occurred by the simultaneous use in Texas of a confusingly similar mark.  Hence, the dispute in this case arises, in part, from Metal Mulisha's use of the "Metal Mulisha" mark in Texas, and the Court has jurisdiction over Metal Mulisha to this extent.

Finally, exercising jurisdiction over Metal Mulisha does not offend notions of fair play or substantial justice.  Once it is established that a defendant has sufficient contacts to support jurisdiction, the defendant must present "a compelling case that the presence of some consideration would render jurisdiction unreasonable."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).  Metal Mulisha did business in Texas from 1999 to 2006, thus, requiring it to litigate in Texas will present no unfair hardship. *Cf. Fossil*, 1998 WL 158674, at *3.  And Metal Mulisha has presented no compelling basis for this Court to conclude that it should not exercise jurisdiction.

C.  Motion to Transfer

Metal Mulisha has moved the Court for a transfer of venue under 28 U.S.C. § 1404(a).  This statute provides that "for the convenience of the parties and witnesses, in the interest of justice, a district

---

[1] Registration provides the mark's registrant with significant rights as well.  *See John R. Thompson Co. v. Holloway*, 366 F.2d 108, 114-16 (5th Cir. 1966).

court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). When presented with a motion to transfer under section 1404(a), a court first determines whether the proposed transferee court is a court in which the case could have originally been filed. *See In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) (discussing order of analysis). If so, the court then determines whether the transfer would serve the interest of justice and the convenience of the parties by referring to various public-interest and private-interest factors, and keeping in mind that the plaintiff's choice of venue places the burden on the defendant to establish good cause for the transfer. *See id.; see also In re Volkswagen of Am., Inc.,* 545 F.3d 304, 315 n.10 (5th Cir. 2008) (plaintiff's choice of venue must "be treated as a burden of proof question"). According to Metal Mulisha, because it resides in the Central District of California, this case could have originally been brought there. Plaintiffs do not challenge this.

One public-interest factor to consider is whether there is a local interest in resolving the controversy. Metal Mulisha argues that the residents of the Central District of California have the most interest in this dispute. Metal Mulisha and MM Compound are both California limited-liability companies. Further, Metal Mulisha notes that Plaintiffs maintained a manufacturing and internet-sales facility in the Central District of California. And Trosper acknowledges that between 1998 and 2000 he "commuted" between Texas and California for

15

business purposes.

Plaintiffs respond that Trosper is a resident of Ponder, Texas, that Cowboy Militia has its principal office in Ponder[2], Texas, and that the State of Texas has an interest in litigation charging its residents with trademark infringement.  But in so doing, Plaintiffs reveal the lack of connection between this case and this district. Ponder is located in Denton County, Texas, which is served by the United States District Court for the Eastern District of Texas.  Thus, whatever connection Plaintiffs may have with the State of Texas, their case has almost no connection to this district.

Moreover, in its complaint, Plaintiffs allege that venue is proper in this Court because Metal Mulisha is a resident of this district.  But these allegations are apparently based on Plaintiffs' contention that MM Compound is Metal Mulisha's agent and its contacts with Texas are, therefore, attributable to Metal Mulisha.  The Court has concluded that Plaintiffs have failed to establish the agency relationship.

The parties also discuss the place where the wrong occurred and the resulting availability of evidence as an important private-interest factor.  *See Action Indus., Inc.*, 358 F.3d at 340; *see also Lemery v. Ford Motor Co.*, 244 F. Supp. 2d 720, 732 (S.D. Tex. 2002). Infringement "suits often focus on the activities of the alleged

---

[2]   In their response, Plaintiffs state that Cowboy Militia's principal office is in Ponder, Texas, but in their complaint they allege that the principal office is in Lewisville, Texas.  Both cities are in Denton, County, which is within the Eastern District of Texas.

infringer, its employees, and its documents; therefore the location of the alleged infringer's principal place of business is often the critical and controlling consideration in adjudicating transfer of venue motions." *Houston Trial Reports, Inc. v. LRP Publs., Inc.*, 85 F. Supp. 2d 663, 668 (S.D. Tex. 1999) (quoting *Habitat Wallpaper and Blinds, Inc. v. K.T. Scott Ltd. Partnership*, 807 F. Supp. 470 (N.D. Ill. 1992)).   Metal Mulisha contends that some of the alleged infringing activity--the manufacturing and internet-based sale of merchandise displaying Plaintiffs' marks--and thus some of the alleged wrong, took place at a facility maintained by Plaintiffs in Oceanside, California, which is in the Central District of California.   *Cf. Hanover Star Milling Co. v. Metcalf*, 240 U.S. 403, 412-13 (1916) ("The essence of the wrong consists in the sale of the goods of one manufacturer or vendor for those of another.").

Plaintiffs have countered with evidence that the majority of their sales were to Texas residents.   But none of that evidence, and, indeed, none of Plaintiffs' allegations regarding where the relevant events occurred, is specific to this district.

Finally, Metal Mulisha has presented evidence that relevant witnesses are largely available in California.   Metal Mulisha states that it intends to call as a witness its licensee for apparel who will testify as to the use of the "Metal Mulisha" mark, instances of confusion between that mark and Plaintiffs' marks, and the damages caused by Plaintiffs' alleged infringement.   Metal Mulisha also

17

intends to call employees of Plaintiffs' manufacturing and internet-sales facility.   Only Trosper and his business partner have been identified as located in Texas.   Trosper has traveled to California on business in the past and Plaintiffs maintained a manufacturing and sales facility in the Central District of California until April 2009, showing that requiring them to travel to that district will not unduly burden them and that relevant evidence may be located there.

Thus, Metal Mulisha has shown that the convenience of the parties and the interest of justice are served by transferring this case to the Central District of California.   In fact, Metal Mulisha has shown that, as this case is currently pleaded, this district is not simply inconvenient; it is an improper venue.   A civil action not founded on diversity jurisdiction may be brought in "(1)a judicial district where any defendant resides, if all defendants reside in the same State, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."   28 U.S.C. § 1391(b).  Under the first option, Plaintiffs' allegations that Metal Mulisha resides in this district are based on an agency theory that Plaintiffs failed to establish.   Under the second, Plaintiffs have made no allegations regarding whether any part of the events giving rise to this case occurred in this district, and although the evidence shows that simultaneous use of the marks at issue, and thus some of the alleged infringement, occurred in Texas, the evidence does not

18

disclose whether any of the infringement occurred in this district. A third option provided by section 1391 is not relevant here.


III. Conclusion

In light of the foregoing, the Court concludes that, at the time this case was filed, Plaintiffs were engaged in potentially infringing activity and that there was a sufficient threat of litigation regarding such activity to present a justiciable controversy for this declaratory-judgment action.  As a result, Metal Mulisha's motion to dismiss for lack of subject-matter jurisdiction is DENIED.

The Court also concludes that Metal Mulisha had contacts with Texas and that this case arises, at least in part, out of those contacts.   Thus, Metal Mulisha's motion to dismiss for lack of personal jurisdiction is DENIED.

Finally, the Court concludes that Metal Mulisha has shown that the Central District of California is a more convenient venue and that this Court is an improper venue for this case.  Consequently, its motion to transfer is GRANTED and this case is hereby TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA.

SIGNED: February 2, 2010.

_Terry R. Means_
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE


TRM/jar

19